FRANKLIN ROLLINS *versus* JEREMIAH BARTLETT & *al.*

In an action upon a promissory note, an office copy of a deed made by the plaintiff to the witness, produced by the plaintiff for the purpose of establishing, with more certainty than the witness was able to do it, the precise time when the note in question was indorsed to the plaintiff, is inadmissible in evidence.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit by the indorsee against the makers of a promissory note, dated Nov. 2, 1836, payable in two years from date.

Bartlett was defaulted, and the other two defendants placed their defence upon the ground of want of consideration, and that the plaintiff took the note from one Twitchell with a knowledge of the circumstances under which it was made. And to support this defence the defendants introduced several witnesses, to rebut which, evidence was introduced by the plaintiff.

Benjamin Rich, the payee of the note, was called by the plaintiff, and testified that he negotiated and indorsed the note, within a few days or weeks after it was made, to one Twitchell, in consideration of the conveyance of a farm by him to the witness, and that the notes were transferred to Twitchell at the time the deed was delivered. The plaintiff then introduced an office copy of the deed in order to show the date and time of delivery thereof, and also the time of its being recorded.

To the introduction of this copy the defendants objected, but it was admitted; and for that cause the defendants excepted.

*Hobbs*, for the defendants, said the question here was, whether an office copy of a deed of land was admissible to prove when the note in suit was indorsed. The mere statement of the case was enough to show, that the copy should not have been admitted.

The plaintiff considered the copy material evidence at the

trial, and without it, he dared not risk his case. He cannot now come into Court and say, that it was immaterial.

*A. W. Paine,* for the plaintiff, said that the office copy was admissible, even to prove the contents of the deed. *Tucker* v. *Welch,* 17 Mass. R. 160; *Eaton* v. *Campbell,* 7 Pick. 10; *Scanlan* v. *Wright,* 13 Pick. 523; *Burghardt* v. *Turner,* 12 Pick. 534; 1 Stark. Ev. 368, note; *Dick* v. *Balch,* 8 Peters, 30.

Where the writing between the parties is merely collateral to the question at issue, the original need not be produced. Greenl. on Ev. § 89; 11 Wend. 667.

But the evidence was wholly immaterial, the fact having already been proved sufficiently.

The opinion of the Court was drawn up by

Whitman C. J. — The defendant in the Court below, excepted to the admission of a copy from the Registry, of a deed made by the plaintiff to the witness, produced by the plaintiff, for the purpose of establishing, with more certainty, than the witness was able to do it, the precise time when the notes in question were negotiated to the plaintiff. The original of the deed must be presumed to have been in the possession of the witness. The defendant was no party to it, nor was there any question of title to land depending in connexion with it. It was, besides, evidence of the plaintiff's own manufacture, without the privity of the defendant. Neither the original nor the copy was properly admissible in evidence against him. The original might have been used by the witness to refresh his recollection, if it had been present; and this was the only use that could have been made of it, legitimately, against the defendant.

But the plaintiff now contends that, if the copy was improperly admitted, it was immaterial. But he did not so consider it at the trial, otherwise he would not have offered it. The fact which it tended to prove, and for the purpose of proving which, it was offered, he now contends, was sufficiently established without it. But this was a question for the jury,

The evidence to be relied upon was oral, depending upon the credibility of the witness; and the Court cannot undertake to know, that the jury would, but for this evidence arising from an inspection of the copy of the deed, have considered the fact as established.

<div align="right">

*The exceptions are therefore sustained,*

*and a new trial granted.*